# RCPI Landmark Props., L.L.C. v Romona Keveza Colllection, LLC

2024 NY Slip Op 30594(U)

February 26, 2024

Supreme Court, New York County

Docket Number: Index No. 152621/2022

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. PAUL A. GOETZ

*Justice*

PART   47

------------------------------------------------------------------X

RCPI LANDMARK PROPERTIES, L.L.C.,

Plaintiff,

- v -

ROMONA KEVEZA COLLECTION LLC, ROMONA KEVEZA

Defendants.

------------------------------------------------------------------X

INDEX NO.   152621/2022

MOTION DATE   08/04/2023

MOTION SEQ. NO.   003

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

In this commercial landlord-tenant action, plaintiff-landlord moves to dismiss all of defendants' affirmative defenses and for summary judgment, seeking a declaration as to the termination of the lease, a judgment of ejectment, and an award for unpaid rent, use and occupancy, and related damages.

## BACKGROUND

Plaintiff alleges that it leased portions of the 33rd and 34th floors of a building, located at One Rockefeller Plaza, New York, NY 10020 (premises), to defendant Romona Keveza Collection LLC (tenant) (NYSCEF Doc No 63). The lease, set for a ten-year term, was entered into on October 4, 2013 and guaranteed by Romona Keveza (guarantor) (NYSCEF Doc No 65). When tenant fell behind on rent payments during the COVID-19 pandemic, plaintiff and tenant entered a rent deferral agreement dated November 4, 2020 (NYSCEF Doc No 64). Under the agreement, tenant's rent payment obligations for the period of February 1, 2020 through

152621/2022   RCPI LANDMARK PROPERTIES, L.L.C. vs. ROMONA KEVEZA COLLECTION LLC
ET AL
Motion No.  003

Page 1 of 12

December 31, 2021 were deferred, with deferred rent installments becoming due starting in January 2022, along with regular monthly rent.

Plaintiff alleges, however, that tenant did not recommence its monthly rental payments with the added deferral installments in January 2022, prompting plaintiff to send tenant a notice to cure on February 8, 2022 (NYSCEF Doc No 67). When tenant failed to cure its default, plaintiff served tenant with a notice of termination dated February 18, 2022, stating that the lease would terminate on March 2, 2022 (NYSCEF Doc No 68). Plaintiff alleges that tenant did not vacate by that date. Plaintiff therefore brought this action on March 28, 2022 against tenant to recover unpaid rent and to recover possession of the premises. Plaintiff also seeks to hold guarantor jointly and severally liable for money damages (NYSCEF Doc No 1).

Plaintiff now moves to dismiss all the affirmative defenses raised in defendants' answer (NYSCEF Doc No 5) and for summary judgment, seeking: (1) a declaration that the lease was terminated on March 2, 2022; (2) a judgment ejecting tenant and awarding plaintiff possession of the premises; and (3) a money judgment encompassing unpaid rent, use and occupancy, interest, expenses, and other damages (NYSCEF Doc No 74). If summary judgment is denied, plaintiff alternatively seeks to hold tenant in contempt for failing to pay use and occupancy and/or for a money judgment awarding plaintiff the amount of same.[1]

## DISCUSSION

Motion for Summary Judgment

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to

---

[1] Defendants filed an untimely opposition/cross-motion on September 11, 2023 (NYSCEF Doc Nos 77-82). Plaintiff accepted late service of defendants' opposition, but the portion of the papers seeking to cross-move was withdrawn by stipulation dated September 14, 2023 (NYSCEF Doc No 83).

152621/2022   RCPI LANDMARK PROPERTIES, L.L.C. vs. ROMONA KEVEZA COLLECTION LLC        Page 2 of 12
ET AL
Motion No.  003

demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

Plaintiff is entitled to a declaration that the lease was terminated on March 2, 2022. The lease provides that if "Tenant fails to pay when due any installment of Rent and such default shall continue for 5 days after notice of such default is given to Tenant," such failure shall be considered an event of default (*Lease* § 15.1[a]). Plaintiff has demonstrated that tenant failed to pay the installments due (NYSCEF Doc No 67, p. 5-8), that plaintiff sent tenant a notice of default on February 8, 2022 (*id.* at p. 1-4), and that tenant did not cure that default within five days (NYSCEF Doc No 68). The lease further provides that, upon an event of default, plaintiff may "give to Tenant 5 days' notice of cancellation of this Lease . . . in which event this Lease and the Term . . . shall terminate" (*Lease* § 15.1). Plaintiff submitted the termination notice it sent to Tenant on February 18, 2022, setting a termination date of March 2, 2022 (NYSCEF Doc No 68). Plaintiff has therefore established that the lease was properly terminated on that date. Defendants have not submitted any evidence to raise an issue of fact regarding the termination

152621/2022   RCPI LANDMARK PROPERTIES, L.L.C. vs. ROMONA KEVEZA COLLECTION LLC   Page 3 of 12
ET AL
Motion No.  003

3 of 12

[* 3]

date. Accordingly, plaintiff will be granted summary judgment on its first cause of action seeking a declaration that the lease was terminated on March 2, 2022.

Plaintiff is likewise entitled to a judgment of ejectment. The lease provides that "[u]pon the expiration or other termination of this Lease, Tenant shall quit and surrender the Premises to Landlord" (*Lease* § 18.1). As discussed above, the lease was terminated on March 2, 2022, yet according to the affidavit of a managing agent for One Rockefeller Plaza dated August 3, 2023, tenant remains in possession of the premises (NYSCEF Doc No 54). Defendants do not contend that tenant has vacated. As indicated by the deed submitted by plaintiff (NYSCEF Doc No 62), plaintiff is the owner of the property and therefore has the right to eject tenant and re-take possession of the premises. Accordingly, plaintiff will be granted summary judgment on its second cause of action.

Plaintiff has also made a prima facie showing of its entitlement to judgment as a matter of law for money damages, though not in the amounts sought. Specifically, plaintiff seeks: (1) an award of $910,897.99 against defendants, jointly and severally; (2) an award of $856,901.62 against tenant for damages due through August 1, 2023; and (3) a hearing to determine the amount of lease interest due on judgment damages and plaintiff's costs (NYSCEF Doc No 74).

In calculating the sum of the first amount sought, plaintiff contends that it is owed $609,772.99 in unpaid deferred rent, *plus* $301,125.00 representing guarantor's liability limit. This is incorrect. The guaranty of lease agreement states that "the liability of the Guarantor under this Guaranty is limited in amount to $301,125.00 plus the costs and expenses of collection incurred by Landlord" (NYSCEF Doc No 65, *Guaranty of Lease* § 24). This provision sets a ceiling for how much the guarantor can be held liable for; it is not, as plaintiff's calculation suggests, an amount that is added to whatever amount is already owed to plaintiff. Moreover,

152621/2022   RCPI LANDMARK PROPERTIES, L.L.C. vs. ROMONA KEVEZA COLLECTION LLC          Page 4 of 12
ET AL
Motion No.  003

4 of 12

plaintiff seeks this first amount *in addition to* the second, which already accounts for the $609,772.99 in unpaid deferred rent. Therefore, plaintiff has no basis for recovering the total sum of $910,897.99.

Plaintiff explains that the second amount sought is comprised of: (i) $609,772.99 in unpaid deferred rent; (ii) $160,875.00 in use and occupancy for the period of April 1, 2022 to September 30, 2022; and (iii) $134,062.50 in use and occupancy for the months of October 2022 and May 2023 through August 2023. As the deferred rent agreement provides, the deferred rent is "in the aggregate amount of $609,772.99," and in the event of default, "the entire unpaid balance of the Deferred Rent shall become immediately due and payable" (NYSCEF Doc No 64, *Rent Deferral Agreement* § 2). Since tenant defaulted on its payment of the deferred rent when the first installment became due in January of 2022, the acceleration clause was triggered and tenant does, therefore, owe the entirety of the unpaid balance of deferred rent. Regarding use and occupancy payments, by decision and order dated October 11, 2022, the court directed: (1) tenant to pay plaintiff for past-due use and occupancy, in the amount of $160,875.00, within 30 days of service of notice of entry of the order; and (2) that tenant continue to pay monthly use and occupancy in the amount of $26,812.50 (NYSCEF Doc No 59). From the ledger plaintiff submits, it appears that defendants have partially complied with the court's second directive, but not the first (NYSCEF Doc No 71). While defendants note that they have tendered a sum of $160,875.00, it was tendered across six installments of $26,812.50, rather than in a lump sum within 30 days of notice of entry of the order. Therefore, defendants still owe $160,875.00 for use and occupancy pre-dating the court's order, as well as any outstanding monthly use and occupancy payments post-dating the court's order. Unless defendants have made additional payments since the ledger was submitted, the court determines that the outstanding payments

152621/2022  RCPI LANDMARK PROPERTIES, L.L.C. vs. ROMONA KEVEZA COLLECTION LLC          Page 5 of 12
ET AL
Motion No.  003

5 of 12

through January of 2024 amount to $241,3120.50 (15 installments of $26,812.50, less the 6 installments already made). Accordingly, plaintiff's motion for summary judgment will be granted on its third cause of action.

Plaintiff's request to schedule a hearing on additional amounts that may be owed will be denied, as all such issues will be resolved at trial after the note of issue is filed.

In their opposing papers, defendants raise a procedural issue, contending that "where, as here, a notarization occurs beyond the territorial boundaries of the State of New York, CPLR § 2309(c) requires certificates of conformity and authentication consistent with each of RPL § 301-a(1) and RPL §§ 311-12 as a prerequisite to admissibility" (NYSCEF Doc No 80). However, CPLR § 2309 only applies to oaths and affirmations; it does not impose a requirement that notarized agreements, themselves, be accompanied by such a certificate (CPLR § 2309(c) ["An *oath or affirmation* taken without the state shall be treated as if taken within the state if it is accompanied by such certificate . . ."] [emphasis added]). As plaintiff points out, in each of the cases cited by defendants, the documents the court deemed inadmissible under CPLR § 2309(c) were affirmations, not agreements (*Attilio v Torres*, 181 AD3d 460, 461 [1st Dept 2020] ["We did not consider the affidavits . . . because they were notarized without the state and not accompanied by the requisite certificate of conformity"]; *Green v Fairway Operating Corp.*, 72 AD3d 613, 613 [1st Dept 2010] [same]; *Matter of Elizabeth R.E. v Doundley A.E.*, 44 AD3d 332, 332 [1st Dept 2007] [same]; *Moccia v Carrier Car Rental, Inc.*, 40 AD3d 504, 504 [1st Dept 2007] [same]; *E.B.-W. v N.Y.C. Hous. Auth.*, 185 AD3d 458, 459 [1st Dept 2020] [same]). Moreover, even if the documents at issue were affidavits, "the absence of a certificate of conformity is not, in and of itself, a fatal defect" (*Midfirst Bank v Agho*, 121 A.D.3d 343, 351 [2d Dept 2014], cited by *Bank of N.Y. v Singh*, 139 A.D.3d 486, 487 [1st Dept 2016]). Because

152621/2022   RCPI LANDMARK PROPERTIES, L.L.C. vs. ROMONA KEVEZA COLLECTION LLC        Page 6 of 12
ET AL
Motion No. 003

[* 6]                                              6 of 12

defendants provide no support for the contention that agreements notarized outside of New York must be accompanied by a certificate of conformity or authentication, the documents are appropriately admitted.

Defendants attempt to raise a material question of fact by denying that defendant Romona Keveza executed three of those four agreements, yet they offer no evidence of forgery. Keveza merely states in her affidavit: "I have not executed Plaintiff's proffered purportedly notarized [agreements]" (NYSCEF Doc No 78). "Something more than a bald assertion of forgery is required to create an issue of fact contesting the authenticity of a signature" (*Banco Popular N. Am. v Victory Taxi Mgmt.*, 1 NY3d 381, 384 [2004]; *Ulm I Holding Corp. v Antell*, 155 AD3d 585, 586 [1st Dept 2017] [defendant "provided only a bald assertion that the signature on the guaranty was a forgery," which is "[in]sufficient to raise a triable issue of fact"]); such allegations must be substantiated by evidence (*Coleman v Norton*, 289 AD2d 130, 130 [2001]). Further, as plaintiff notes, defendants did not raise fraud or forgery as a defense in their answer (*82-90 Broadway Realty Corp. v New York Supermarket, Inc.*, 154 AD3d 797, 799 [2d 2017])[2]. A party "cannot defeat a summary judgment motion that made out a prima facie case by merely asserting, without more, a new theory of liability for the first time in the opposition papers" (*Biondi v Behrman*, 149 AD3d 562, 563-64 [1st Dept 2017]). The allegation of forgery is untimely and unsupported by evidence, and therefore fails to raise an issue of fact.

Since plaintiff's summary judgment motion will be granted on its first, second, and third causes of action, the alternative relief sought, to hold tenant in contempt, need not be addressed.

---

[2] Defendants attempt to connect their forgery argument to their third affirmative defense, which asserted that "[a] defense or defenses to the complaint are founded upon documentary evidence" (NYSCEF Doc No 5). This language was insufficient to indicate that a fraud or forgery defense was being raised and therefore did not preserve the opportunity for defendants to expand on that defense now.

152621/2022   RCPI LANDMARK PROPERTIES, L.L.C. vs. ROMONA KEVEZA COLLECTION LLC          Page 7 of 12
ET AL
Motion No.  003

7 of 12

[* 7]

Motion to Dismiss Affirmative Defenses

"On a motion to dismiss affirmative defenses pursuant to CPLR 3211 (b), the plaintiff bears the burden of demonstrating that the defenses are without merit as a matter of law" (*534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick*, 90 AD3d 541, 541 [1st Dept 2011]). The defenses must be liberally construed and viewed in the light most favorable to the non-movant and should not be dismissed where a question of fact remains (*Granite State Ins. Co. v Transatlantic Reins. Co.*, 132 AD3d 479, 481 [1st Dept 2015]; *182 Fifth Ave v Design Dev. Concepts*, 300 AD2d 198, 199 [1st Dept 2002]). However, conclusory and boilerplate affirmative defenses should be dismissed (*Bankers Trust Co. v Fassler*, 49 AD2d 855 [1st Dept 1975]).

Plaintiff challenges all ten of the affirmative defenses raised in defendants' answer, primarily on the grounds that they are conclusory and boilerplate. The first affirmative defense, for example, asserts that this court lacks subject matter jurisdiction, however, defendants have offered no facts supporting that contention (*Kronish Lieb Weiner & Hellman, LLP v Tahari*, 35 AD3d 317, 319 [1st Dept 2006]). The second affirmative defense, asserting that plaintiff fails to state a cause of action, is without merit; as shown above, plaintiff stated a claim by laying out the provisions of the allegedly breached agreements (*Rosenthal v Bd of Mgrs. of the Charleston Condominium*, 216 AD3d 442, 443 [1st Dept 2023]). However, these two defenses will not be dismissed because they may be raised at any time (CPLR § 3211(e); *Chelsea 8th Ave. LLC v Chelseamilk LLC*, 220 AD3d 565, 566 [1st Dept 2023] ["the motion court did not need to dismiss the second affirmative defense of failure to state a claim because that defense may be asserted at any time, even if not pleaded"]; *San-Dar Assoc. v Fried*, 151 AD3d 545, 545-46 [1st Dept 2017] [same]).

152621/2022   RCPI LANDMARK PROPERTIES, L.L.C. vs. ROMONA KEVEZA COLLECTION LLC   Page 8 of 12
ET AL
Motion No.  003

[* 8]

8 of 12

The following affirmative defenses, however, cannot be raised at any time and were "pled in conclusory fashion without supporting facts" (*457 W. 50th St., LLC v Charlie Boy Enters.*, 2022 NY Slip Op 51034[U], *2 [1st Dept 2022]): failure to serve requisite predicate notices (fourth affirmative defense), failure to plead with particularity (sixth), action barred by equitable doctrines (seventh), action barred by the doctrine of accord and satisfaction (eighth), and duplication of causes of action (ninth). Such defenses are regularly dismissed for this reason (*157 Broadway Assoc., LLC v Edouard*, 28 Misc. 3d 140[A] [1st Dept 2010] ["Tenant's conclusory assertions that service of the rent demand . . . did not comply with RPAPL § 735 were insufficient to warrant a traverse"]; *Kronish Lieb Weiner & Hellman LLP*, 35 AD3d at 319 ["Defendant's affirmative defenses of waiver, laches, [and] unclean hands . . . were all properly dismissed as, inter alia, conclusory."]). Because these one-sentence defenses are boilerplate and lack support, and because they may be deemed abandoned due to defendants' failure to address them in their opposing papers, they will be dismissed (*Fassler*, 49 AD2d at 855).

The only affirmative defense that defendants specifically address in their opposition is the third, which alleges that "[a] defense or defenses to the complaint are founded upon documentary evidence" (NYSCEF Doc No 5). However, this defense must also be dismissed because it fails to state a cognizable legal theory (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). In other words, the fact that a defense to the complaint is founded on documentary evidence does not have any apparent effect on the cogency of plaintiff's claims.

Finally, the fifth defense asserts that certain provisions in the lease that plaintiff seeks to enforce are void as against the guarantor pursuant to NYC Admin Code § 22-1005 (the guaranty law), and the tenth defense asserts that the guarantor is entitled to a judicial declaration that those certain provisions are void. Since the viability of these defenses depends on the constitutionality

152621/2022   RCPI LANDMARK PROPERTIES, L.L.C. vs. ROMONA KEVEZA COLLECTION LLC   Page 9 of 12
ET AL
Motion No. 003

9 of 12

of the guaranty law—an issue currently being litigated in *513 W. 26th Realty LLC v George Billis Galleries, Inc.*, Index No 160266/2020—plaintiff's motion to dismiss these defenses will be denied, with leave to renew upon the First Department's determination of the law's constitutionality in *513 W. 26th Realty LLC v George Billis Galleries, Inc.* (*see* 220 AD3d 525 [1st Dept 2023]). Since the parties in this action have an interest in the constitutionality of the guaranty law they will be permitted to file amicus briefs addressing the issue as provided in the scheduling order at NYSCEF Doc No 88 in the *513 W. 26th Realty* action.

## CONCLUSION

Accordingly, it is

ADJUDGED that the lease was terminated as of March 2, 2022; and it is further

ORDERED that plaintiff's motion for summary judgment on its second cause of action for ejectment is granted; and it is further

ADJUDGED that plaintiff is entitled to possession of suites 3302 and 3401 of One Rockefeller Plaza, New York, NY 10020, as against defendants Romona Keveza Collection LLC and Romona Keveza, and the Sheriff of the city of New York, County of New York, upon receipt of a certified copy of this decision and order and payment of proper fees, is directed to place plaintiff in possession accordingly; and it is further

ADJUDGED that immediately upon entry of this decision and order, plaintiff may exercise all acts of ownership and possession over suites 3302 and 3401 of One Rockefeller Plaza, New York, NY 10020, including entry thereto, as against defendants Romona Keveza Collection LLC and Romona Keveza; and it is further

ORDERED that plaintiff's motion for summary judgment on its claims of breach of contract is granted as against tenant; and it is further

152621/2022   RCPI LANDMARK PROPERTIES, L.L.C. vs. ROMONA KEVEZA COLLECTION LLC      Page 10 of 12
ET AL
Motion No.  003

10 of 12

ADJUDGED that plaintiff be awarded a money judgment against tenant for a total of $402,187.50, comprised of: (a) $160,875.00 for use and occupancy pre-dating the court's decision and order dated October 11, 2023; and (b) $241,3120.50 for outstanding monthly use and occupancy payments post-dating October 11, 2023; and it is further

ORDERED that tenant continue to pay plaintiff its monthly rent and deferred rent as long as tenant remains in possession of the premises; and it is further

ORDERED that plaintiff's motion for summary judgment on its claims of breach of contract is denied as against the guarantor, with leave to renew upon the First Department's determination as to the constitutionality of the guaranty law in *513 W. 26th Realty LLC v George Billis Galleries, Inc.*, Index No 160266/2020; and it is further

ORDERED that plaintiff's motion to dismiss defendants' affirmative defenses is denied as to the first and second defenses; and denied on the fifth and tenth defenses, with leave to renew upon the First Department's determination as to the constitutionality of the guaranty law in *513 W. 26th Realty LLC v George Billis Galleries, Inc.*, Index No 160266/2020 and is otherwise granted as to the fourth, sixth, seventh, eighth and ninth affirmative defenses; and it is further

ORDERED that the parties in this action are permitted to file amicus briefs addressing the constitutionality of N.Y.C. Admin. Code § 22-1005 in the *513 W. 26th Realty LLC v George Billis Galleries, Inc.*, Index No 160266/2020 pursuant to the scheduling order in that case at

152621/2022   RCPI LANDMARK PROPERTIES, L.L.C. vs. ROMONA KEVEZA COLLECTION LLC   Page 11 of 12
ET AL
Motion No.  003

11 of 12

NYSCEF Doc No 88.

20240226145159PGOETZ10F84C2DAA205446DAFF27306B8ED2BE1

| 2/26/2024 | | PAUL A. GOETZ, J.S.C. |
|---|---|---|
| **DATE** | | |

CHECK ONE:　　　　　　☐ CASE DISPOSED　　　☒ NON-FINAL DISPOSITION

　　　　　　　　　　　☐ GRANTED　☐ DENIED　☒ GRANTED IN PART　☐ OTHER

APPLICATION:　　　　　☐ SETTLE ORDER　　　☐ SUBMIT ORDER

CHECK IF APPROPRIATE:　☐ INCLUDES TRANSFER/REASSIGN　☐ FIDUCIARY APPOINTMENT　☐ REFERENCE

**152621/2022   RCPI LANDMARK PROPERTIES, L.L.C. vs. ROMONA KEVEZA COLLECTION LLC        Page 12 of 12
ET AL
Motion No.  003**

12 of 12

[* 12]